IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GRANGE MUTUAL CASUALTY COMPANY ) ) ) Plaintiff, ) ) v. ) ) CORINTHIAN CUSTOM HOMES, INC. ) ) Defendant. ) | Case No. 3:07-0020 Judge Trauger |

## MEMORANDUM and ORDER

Thomas C. McCord and Elaine E. McCord, the proposed intervenors who are the potential beneficiaries from Grange Mutual Casualty Company's ("Grange Mutual") insurance contract with Corinthian Custom Homes, Inc. ("Corinthian"), have filed a Motion to Intervene (Docket Entry No. 16), to which Grange Mutual has responded in opposition (Docket Entry No. 18).

In 2004, the McCords filed suit against Corinthian, Continental Development and Construction, Inc. ("Continental"), Prestige Homes and Realty, Inc., and Nicholas S. and Debbie Psillas in the Circuit Court for Williamson County, Tennessee. On January 4, 2007, Grange Mutual filed a Complaint in this court seeking a declaratory judgment that its insurance contract with Corinthian does not provide coverage to Corinthian and, therefore, that it has no obligation to defend or indemnify Corinthian for any damages arising from the Williamson County suit. (Docket Entry No. 1) On September 14, 2007, a Williamson County jury entered a verdict in favor of the McCords, requiring Continental to pay the McCords $538,789.73. (Docket Entry No. 18-2) On October 9, 2007, the Honorable Robbie T. Beal, Judge of the Circuit Court for

1

Williamson County, entered an Order of Judgment on that verdict. (Docket Entry No. 18-3) However, Judge Beal held that the Order of Judgment would not be a final judgment until a hearing on the piercing of the corporate veil issue is held on December 18, 2007.

The McCords' Motion to Intervene seeks intervention as of right under Federal Rule of Civil Procedure 24(a) and, in the alternative, seeks permissive intervention under Rule 24(b). Because the court determines that permissive intervention is appropriate, the court need not determine the intervention of right issue. *See Lantz v. American Honda Motor Co., Inc.*, 2007 WL 2875239, *4 (N.D. Ill. Sept. 27, 2007).

Permissive intervention is governed by Rule 24(b), which states in relevant part: "Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." FED. R. CIV. P. 24(b). Interpreting Rule 24(b), the Sixth Circuit has stated, "[s]o long as the motion for intervention is timely and there is at least one common issue of law or fact, the court should balance undue delay, prejudice to the original parties, and any other relevant factors." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). District courts should "broadly construe[] [Rule 24] in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

Grange Mutual concedes that the McCords' Motion to Intervene is timely. (Docket Entry No. 18) The discovery cutoff in this case is January 15, 2008 (Docket Entry No. 14), and this case is not set for trial until May 20, 2008 (Docket Entry No. 15), allowing all parties sufficient time to conduct discovery.

Additionally, it is undisputed that the McCords' potential claims and defenses have a "question of law or fact in common" with the main action. Grange Mutual's claim is that the insurance contract does not provide coverage for damages arising from Corinthian's lawsuit in Williamson County because of eight different policy exclusions. (Docket Entry No. 14) Corinthian's defense is that the insurance contract provides coverage for damages caused by improperly performed work. (Docket Entry No. 14) Although, under the insurance contract, Corinthian is the insured and the McCords are potential third-party beneficiaries, for purposes of this motion, this is a distinction without a difference: the McCords and Corinthian both raise similar arguments regarding the scope of Grange Mutual's insurance contract with Corinthian. Further, the McCords' Intervening Petition asks for the same relief Corinthian seeks: "Intervenors respectfully request that a judgment be entered finding that Grange Mutual has issued an insurance policy to Corinthian Custom Homes covering the McCords' loss." (Docket Entry No. 16-1) Thus, even if Grange Mutual is entitled to different legal claims, or Corinthian is entitled to different legal defenses, than the McCords, Rule 24(b)(2) only requires that the parties have "*a* question of law or fact in common," not that the parties have "*every* question of law or fact in common." FED. R. CIV. P. 24(b) (emphasis added).

Since the court has determined that the McCords satisfy Rule 24(b)(2)'s timeliness and commonality requirements, the court must next exercise its discretion to determine whether "the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* "A finding by the court that the presence of the intervenor will not prejudice the original parties serves to encourage the court to exercise its discretion to allow intervention." 5 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1913 (2d. 1995). The court

3

finds that the McCords' Motion to Intervene neither causes delay to the main action nor prejudices the adjudication of the rights of the original parties. The intervention does not unduly delay the main action for the same reason that the McCords' motion is timely: discovery does not conclude until January 15, 2008 and trial is not set until May 20, 2008. Grange Mutual has not articulated in what way the intervention would unduly delay the main action, and the court, equally, can articulate no reason why the intervention would cause undue delay.

Additionally, the proposed intervention does not prejudice the adjudication of the rights of the original parties. To the contrary, the McCords seek intervention because they are unsure whether Corinthian has "sufficient assets to satisfy the judgment." (Docket Entry No. 16) The McCords are not trying to re-litigate Corinthian's liability in this declaratory judgment action; rather, the McCords' intervention only ensures that Corinthian vigilantly defend its pending action against Grange Mutual. The McCords' proposed intervention will not complicate Corinthian's ability to defend against Grange Mutual's action.

In an attempt to demonstrate prejudice, Grange Mutual cites two cases where district courts rejected third-party permissive intervention in a declaratory judgment action against an insurer. The first case cited by Grange Mutual, *Trinity Universal Insurance Company v. Turner Funeral Home*, 2003 WL 25269317 (E.D. Tenn. Sept. 18, 2003), is easily distinguishable. In *Trinity*, the proposed intervenors represented a class containing approximately 90 plaintiffs who had 16 different attorneys representing their interests in states varying from Tennessee to California. *Id.* at *9. In contrast, the McCords are acting in their individual capacity and are jointly represented by two attorneys who are located in Nashville. Unlike the proposed intervenors in *Trinity*, adding the McCords will not "significantly increase the cost of litigation. .

4

. defeating the purpose of the declaratory judgment action." *Id.* at *9.

The second case cited by Grange Mutual is also distinguishable. *Redland Ins. Co. v. Chillingsworth Venture, Ltd.*, 171 F.R.D. 206 (N.D. Ohio 1997). In *Redland*, the proposed intervenor's Rule 24(b) motion was rejected because "intervention will serve to complicate the declaratory judgment action by allowing issues of negligence and damages to surface." *Id*. at 208. In contrast, the McCords have already prevailed on liability and damages against Corinthian in the Circuit Court of Williamson County and will not attempt to re-litigate either of these issues. While *Redland* does mention that the proposed intervenor was not a party to the underlying insurance contract, it used that statement to support its holding that "the Court finds that intervention can only complicate and delay the declaratory judgment action." *Id*. In this case, the fact that the intervenor was not a party to the contract poses no such risk of complication. Finally, many federal courts have reached the same conclusion as this court that, under certain circumstances, third-party beneficiaries to an insurance contract should be allowed to intervene in declaratory judgment actions between the insurer and insured. *See Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991); *General Ins. Co. of America v. Rhoades*, 196 F.R.D. 620, 624 (D. N.M. 2000); *St. Paul Fire & Marine Ins. Co. v. Summit-Warren Industries Co.*, 143 F.R.D. 129, 133-34 (N.D. Ohio 1992); *New Hampshire Ins. Co. v. Greaves*, 110 F.R.D. 549, 552 (D. R.I. 1986); *The Hartford Accident and Indem. Co. v. Crider*, 58 F.R.D. 15, 18 (N.D. Ill. 1973).

5

For the reasons expressed herein, the Motion to Intervene (Docket Entry No. 16) is **GRANTED**.

It is so **ORDERED**.

ENTER this 31st day of October 2007.

_____
ALETA A. TRAUGER
U.S. District Judge